IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERIC HANSEN<br>4 Song Bird Court<br>Jackson, NJ 08527<br><br>Plaintiff,<br>v.<br><br>STRAIGHT LINE<br>COMMUNICATIONS, LLC<br>1775 Highway 34, Suite B3<br>Farmingdale, NJ 07727<br>and<br>MICHAEL CYRIACUS<br>1775 Highway 34, Suite B3<br>Farmingdale, NJ 07727<br>and<br>DIANE CYRIACUS<br>1775 Highway 34, Suite B3<br>Farmingdale, NJ 07727<br><br>Defendants. | CIVIL ACTION<br><br>No. _____<br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

### I. INTRODUCTION

1. This action has been initiated by Eric Hansen (hereinafter referred to as "Plaintiff," unless indicated otherwise) for violations of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. §§ 201, *et. seq.*), the Conscientious Employee Protection Act ("CEPA" - §§ 34:19-1 *et. seq.*), and other applicable state law(s). Plaintiff asserts herein that he was not paid wages or overtime compensation in accordance with applicable state and federal laws, and additionally, that he was terminated for engaging in "protected activity" by expressing complaints about non-

payment of overtime compensation (among other illegalities). As a direct consequence of Defendants' actions, Plaintiff seeks damages as set forth herein.

## II. JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. 1331, has jurisdiction over Plaintiff's claims because they arise under a federal law - the FLSA. There is supplemental jurisdiction over Plaintiff's state-law claims herein because they arise out of the same common nucleus of operative facts as Plaintiff's federal claim(s) set forth in this lawsuit.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## III. PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Straight Line Communications, LLC (hereinafter "Defendant SLC") is a business entity headquartered in New Jersey at the above-captioned address. This business engages in the performance of third-party work for sale, including but not limited to, telecom setup, security system setup, and running cable, fiber, and low-voltage wiring.

8. Michael Cyriacus (hereinafter "Defendant MC") is upon information and belief married to Diane Cyriacus (hereinafter Defendant "DC"). Defendant MC is identified publicly as the President and Chief Operating Officer of Defendant SLC. And his wife, Defendant DC has and continues to assist in overseeing the entire business (including aspects of human resources, payroll, and other personnel matters).

9. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## IV. **FACTUAL BACKGROUND**

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff was hired by Defendants in or about early August of 2019, and Plaintiff was physically based within Defendants' Farmingdale, New Jersey location.

12. In total, Plaintiff was employed with Defendants for approximately 3 months, from (early) August of 2019 until being involuntarily terminated on or about November 8, 2019.

13. Plaintiff was directly supervised by Michael Cyriacus ("Defendant MC"), the President and Chief Operations Officer of Defendant SLC. Plaintiff was indirectly supervised by Diane Cyriacus ("Defendant DC"), the wife of Defendant MC who oversees personnel matters, human resources, and compensation. Together, regardless of titles, Defendants MC and DC jointly made decisions concerning payroll and operational issues of the business.

14. While Plaintiff was employed, Defendants generally had less than 15 workers (when considering employees and contract-based workers). And the Defendant SLC was run

more like a traditional mom-and-pop shop, with decisions often being made on impulse rather than business judgment or within legal guidelines.

### (A) There is simply no defense, as Plaintiff was unequivocally paid by Defendants unlawfully in multiple ways.

15. Plaintiff was given the job title by Defendants of Operations Manager, and he was *not paid* by salary. Instead, Plaintiff was paid at an hourly rate of $30.00 per hour. Plaintiff was in all respects **a non-exempt employee**, entitled to overtime compensation.[1]

#### *(i) Unlawful Pay Example 1 – Failure to Pay Proper Overtime Rate*

16. Defendants attempted to pay Plaintiff on a straight-time basis; or in other words, the same hourly rate for all hours worked instead of paying him as legally mandated at a rate of time and one half for hours worked over 40 hours per week.

17. By way of example only, Plaintiff's payroll check paid on 9/13/19 (for a 2-week period) identified he worked 86.35 hours. Defendants' paystub provided to Plaintiff identified that he was paid at $30.00 per hour multiplied times 86.35 hours, totaling $2,590.50. Plaintiff was thus paid at an hourly rate of $30.00 per hour *regardless of how many hours he worked* instead of what state and federal laws require, a time and one-half rate of $45.00 per hour for all hours worked over 40 hours in a workweek.

---

[1] It is uniformly recognized throughout the United States that an hourly employee cannot qualify for an overtime exemption, including as a "professional employee." *See e.g. Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832 (6th Cir. 2002)(affirming summary judgment in favor of employee that professional exemption cannot apply to an hourly employee); *Gayle v. Harry's Nurses Registry, Inc.*, 2012 U.S. Dist. LEXIS 28157 (E.D. N.Y. 2012)(granting judgment in favor of registered nurses who would otherwise meet the professional exemption based on duties but finding no exemption cannot apply because they were hourly employees); *Reyes v. Stone*, 2012 U.S. Dist. LEXIS 195627 (W.D. Tex. 2012)(granting judgment in favor of employee because, *inter alia*, a professional exemption cannot be used with an hourly employee under the FLSA); *Hicks v. Great Lakes Home Health Servs.*, 2018 U.S. Dist. LEXIS 87187 (E.D. Mich. 2018)(granting judgment in favor of employee explaining that an FLSA exemption, such as the professional exemption, cannot apply to an "hourly" employee). Federal regulations (omitted herein) also outline clearly that **hourly employees** cannot qualify for overtime exemptions.

4

### (ii) Unlawful Pay Example 2 – Defendants tried forcing numerous illegal policies upon Plaintiff with respect to pay, including paying cash, mandating him to take "comp time," and trying to make him illegally waive entitlement to overtime compensation.

18. During Plaintiff's short near 3-month tenure, he was repeatedly barraged with attempts to pay him unlawfully in different ways as he kept raising different concerns. Such attempts by Defendants included but were not limited to:

> (1) Defendants were trying to require Plaintiff to accept "comp time" instead of paying him overtime compensation, which is time off to utilize in the future instead of paying him overtime in weeks worked. Plaintiff declined to be paid "comp time" in lieu of his owed overtime compensation. Moreover, the use of "comp time" by an employer is **only permitted** if the employer is a "public agency," such as a government body **and** where the employer entered into a written agreement with employees prior to hire. *See* 29 C.F.R. § 553.23. Thus, Defendants' actions were illegal (as it is neither a governmental body, nor entered into a written agreement with Plaintiff pre-hire).
>
> (2) Defendants were trying to suggest that Plaintiff enter into an agreement post-hire to waive his right to be paid overtime compensation. Plaintiff declined requests by Defendants that he waive his right to overtime compensation. And this was an unlawful request by Defendants anyway.[2]
>
> (3) Defendants were trying to suggest that Plaintiff consider taking cash for overtime compensation in lieu of W-2 compensation through his paycheck. Plaintiff declined to be paid illegally, to commit tax evasion, and to be intentionally paid in what is commonly referred to in an "under-the-table manner." Defendants attempts to have Plaintiff accept overtime in cash was criminal and in violation of state and federal wage regulations.
>
> (4) Defendants were refusing to pay Plaintiff properly for drive time when he would travel to and from the workplace, not wanting to pay him all compensation owed. Defendants even attempted to have Plaintiff sign a written policy that he would only be paid "after the first 30 minutes of the commute." Defendants' actions were illegal. *See e.g.* 29 C.F.R. § 785.38

---

[2] An employee's right to overtime pay under the FLSA "cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate." *Id.* at 740 (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707, 65 S. Ct. 895, 89 L. Ed. 1296 (1945)). *Williams v. Bethanna*, 2019 U.S. Dist. LEXIS 7350 * 2 (E.D. Pa. 2019); *see also Figas v. Horsehead Corp.*, 2008 U.S. Dist. LEXIS 87199 * 66 (W.D. Pa. 2008)(no agreement to waive overtime compensation is enforceable).

5

("all" drive or commute time from workplace or job sites must be compensated to an employee).

19. There were **at least** 5 ways in which Defendants were attempting to violate state and federal laws in properly compensating employees, such as Plaintiff. Each and every way is indisputably illegal (and in most cases, criminal). Plaintiff declined and attempted to explain the law to Defendants as they barraged him with such efforts to evade regulatory requirements.

### (B) There is simply no defense, as Plaintiff was unequivocally terminated in retaliation for engaging in protected activities by expressing illegality.

20. In the weeks leading up to his termination from employment, Plaintiff had numerous conversations with Defendants attempting to explain *inter alia*: (a) where he was owed overtime compensation; (b) what policies they were attempting that were illegal; (c) that he just wanted to be paid in accordance with the laws; and (d) he had been reviewing the legality of what they were doing with compensation with the Department of Labor ("DOL") and his own legal research. Plaintiff clearly engaged in many legally-protected activities.

21. On November 8, 2019, at 7:10 AM, Plaintiff e-mailed Defendants DC and MC. In his e-mail, he wrote:

> Diane,
>
> I just reviewed my paycheck for period ending 11/03/19. I worked overtime but noticed there was no overtime rate applied to those hours. In New Jersey any hours worked over 40 in a week is required to paid at that overtime rate. Thank you for your attention to this matter.

22. Defendants had, in Plaintiff's last paycheck (prior to his termination), paid him illegally by not paying him at time and one half (and instead, paid him straight time again). Plaintiff once again (on the very same day he would be terminated) had to raise concerns of unlawful payroll practices.

23. Defendant MC responded to Plaintiff's aforesaid e-mail on November 8, 2019 at 7:46 AM stating:

> Good morning Eric,
>
> I don't believe you need to explain to Diane the laws on labor here in NJ. I will see you in the office this morning and you'll discuss further.

24. Plaintiff had not been the recipient of any discipline or warnings during his period of employment. Instead, Plaintiff was continually promised additional duties, a raise, and he was shown appreciation for his abilities to help grow Defendant SLC. The sole concerns anyone had about or concerning Plaintiff was that Plaintiff was having to repeatedly raise concerns of illegality with respect to his compensation.

25. When Plaintiff appeared at work on November 8, 2019, he met with Defendant MC. The meeting in total a little less than 20 minutes, at which time Plaintiff was terminated from his employment. During the course of the meeting, Plaintiff was told by Defendant MC (among other things):

- "You are basically telling Diane she doesn't know what the fuck she is doing" in reference to payroll, compensation, and overtime;
- We don't feel we should have to pay overtime to someone driving or in other circumstances;
- We have been considering and checking into your overtime complaints;
- It's "not your work or your personality," we just "can't afford you."
- We are "letting you go."

26. Plaintiff had only been hired 3 months earlier. Plaintiff **was assured upon hire**, that the purpose of him being brought in was to "grow" the business - - a process **that was**

7

**expected to be a long-term process**. Plaintiff was however terminated abruptly simply for expressing concerns that he be paid in accordance with local, state and federal laws.

27. Plaintiff is not only entitled to all unpaid wages and overtime compensation while he was employed in which he was intentionally, knowingly and illegality shorted. He is also entitled to all damages flowing from his retaliatory termination, including but not limited to: (a) past lost wages; (b) future lost wages; (c) liquidated damages; (d) punitive damages; (e) attorney's fees; (f) emotional distress damages; and (g) all other legally available remedies.

**Count I**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Failure to Pay Overtime & Retaliatory Termination)**
**- Against All Defendants -**

28. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

29. Plaintiff was not properly paid for all owed overtime, and he was terminated for complaining of overtime violations.

30. Any retaliation against Plaintiff for exercising his statutory rights to complain of unpaid overtime was *per se* unlawful. *See Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 131 S. Ct. 1325, 179 L. Ed. 2d 379 (2011)(it is illegal under the FLSA to retaliate against an employee for verbal or written concerns of unpaid overtime compensation within a workplace).

31. The adverse actions for which Plaintiff specifically seeks relief under the FLSA are: (1) non-payment of overtime; and (2) his termination from her contract assignment.

32. Defendants MC and DC are personally liable because they both controlled, perpetuated, committed, and engaged in the violations as set forth in this lawsuit as high-level managers, husband and wife, and business owners.[3]

33. Such actions as aforesaid constitute indefensible violations of the Fair Labor Standards Act ("FLSA").

### Count II
### Violations of the Conscientious Employee Protection Act ("CEPA")
### (Retaliation)
### - Against All Defendants -

34. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

35. Plaintiff complained to Defendants about actions he reasonable believed to be unlawful and was terminated because of such complaints, which is per se unlawful under CEPA. *See* e.g. *Puglia v. Elk Pipeline, Inc.*, 226 N.J. 258 * (NJ 2016)(CEPA furthest reaching whistleblower statute and CEPA cases can proceed premised upon perceived wage violations); *Costa v. Total Rehab & Fitness*, 2019 N.J. Super. Unpub. LEXIS 1286 (App. Div. 2019)(reversing trial court and explaining that a plaintiff who complains about improper payments under NJ Wage Act does state a viable CEPA claim).

### Count III
### Violations of New Jersey State Wage Law(s)
### (Unpaid Wages & Retaliation)
### - Against All Defendants -

36. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

---

[3] *See* e.g. *Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 667 F.3d 408, 414 (3d Cir. 2012)(managers and corporate officers exercising control over wages or adverse actions under the FLSA are appropriate defendants under the FLSA and may be individually liable for such violations).

9

37. Plaintiff seeks relief herein for violations of: (1) the New Jersey Wage and Hour Law(s); (2) the New Jersey Wage Payment Law; and (3) the New Jersey Wage Theft Act.

38. The actions as outlined supra all constitute violations of said New Jersey wage-related laws as identified in this Count.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting overtime and wage violations, as well as prohibiting unlawful retaliation;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' wrongful actions, including but not limited to all owed wages, overtime, past lost wages, future lost wages, benefits, pension entitlements, medical coverage, and other applicable compensation;

C. Plaintiff is to be awarded liquidated damages and punitive damages as permitted by applicable laws;

D. Plaintiff is to be accorded other equitable or legal relief as the Court deems just, proper, and appropriate (or as permitted by statute(s));

E. Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees if permitted by applicable law; and

F. Plaintiff is permitted to have a trial by jury.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

Ari R. Karpf, Esquire
3331 Street Road
Building 2, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: January 8, 2020

11