# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERIC HANSEN, | : |
|       Plaintiff, | : Civil Action No.: 20-302 |
| vs. | : **ORDER** |
| STRAIGHT LINE COMMUNICATIONS, LLC, et al. | : |
|       Defendants. | : |

**THIS MATTER** having been opened to the Court by W. Charles Sipio, Esq., counsel for plaintiff Eric Hansen ("Plaintiff") on a motion for default judgment against defendants Straight Line Communications, LLC,[1] ("SLC") Michael Cyriacus, and Diane Cyriacus ("Individual Defendants") (SLC and Individual Defendants collectively, "Defendants"); it appearing that Plaintiff initiated this action on January 8, 2020; it appearing that Defendants were served with the Summons and Complaint in this matter on February 27, 2020, but failed to answer, move, or otherwise respond to the Complaint; it further appearing that on March 20, 2020, default was entered by the Clerk of the Court based on Defendants' failure to defend this action; it appearing, however, that on March 20, 2020 Plaintiff's counsel contacted Individual Defendants to confirm their receipt of the Complaint and inform them of the entry of default; in response to counsel's communication Michael Cyriacus asserted that shortly after being served with the Complaint, he departed for an out-of-country trip and "[b]ecause of the current health scare that is globally affecting this world I would like to entertain this as soon as our government has released us from

---

[1] According to Plaintiff's Complaint, Michael Cyriacus is SLC's President and Chief Operations Officer, and Diane Cyriacus oversees SLC's human resources and other personnel matters. *See* ECF No. 1, Compl. ¶13.

our residenc[e] and the quarantine process is over. At which time my legal representation and Mr. Hansen's legal representation can hash this out," *see* ECF No. 8-2, Certification of W. Charles Sipio, Exs. A and C; it appearing that on March 23, 2020 Plaintiff filed the instant motion for default judgment; it further appearing that Defendants have expressed an intent to litigate this action; accordingly,

**IT IS** on this 6th day of August, 2020,

**ORDERED** that SLC is directed to retain counsel and counsel must file an appearance on its behalf within 15 days of receipt of this Order[2] and it is further

**ORDERED** that Defendants must seek to vacate the entry of default against them within 15 days of receipt of this Order, or this Court will adjudicate Plaintiff's motion for default judgment; and it is further

**ORDERED** that Plaintiff's motion for default judgment [ECF No. 8] is administratively terminated pending receipt of Defendants' response to this Order; if Defendants do not move to vacate within 15 days of receipt of this Order, Plaintiff's motion will be re-listed for disposition, and in the alternative, if Defendants do move to vacate the entry of default, Plaintiff's motion will be re-listed at that time to be considered together with Defendants' application to vacate;

**ORDERED** that Plaintiff is to mail a copy of this Order to Defendants via certified mail and e-mail.

/s/ Freda L. Wolfson
Freda L. Wolfson
U.S. Chief District Judge

---

[2]   Although Individual Defendants may proceed *pro se* if they wish to do so, SLC cannot. As a limited liability company, SLC is required to be represented by counsel, and the failure to obtain counsel is an appropriate basis for the entry of default judgement against it. *See Dougherty v. Snyder*, 469 F. App'x. 71, 72 (3d Cir. 2012) (recognizing that entities, including limited liability companies, may only appear in federal court through licensed counsel).